UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. REDDY'S LABORATORIES INC., <br><br> Plaintiff, <br><br> v. <br><br> AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AMARIN CORPORATION PLC <br><br> Defendants. | Civil Action No. 21-10309 (ZNQ)    (RLS) <br><br> **ORDER TO SEAL MATERIALS** |

**THIS MATTER** having been brought before the Court by the Plaintiff, Dr. Reddy's Laboratories, Inc. ("DRL"), pursuant to Local Rule 5.3(c), to seal portions of the Defendants' December 10, 2021 Brief in Support of Their Motion to Dismiss, Plaintiff's December 10, 2021 Brief in Opposition to Defendants' Motion to Dismiss, and Defendants' December 10, 2021 Reply Brief in Support of Their Motion to Dismiss (collectively, the "Briefs"); and the Court having reviewed the papers submitted in support of the motion, including the Certification of Frank D. Rodriguez, and any opposition thereto, and the Court having considered this matter

pursuant to Fed. R. Civ. P. 78; and good cause having been shown; the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On December 10, 2021, the Parties filed their respective Briefs on the Motion to Dismiss. The Briefs were placed under temporary seal by the Court. *See* ECF Nos. 50, 52, and 53.

2. DRL reviewed the Briefs and identified those portions deemed to contain its confidential information ("Confidential Information").

3. On December 27, 2021, DRL filed a consolidated Motion to Seal, pursuant to Local Civil Rule 5.3(c), requesting that the Confidential Information filed under temporary seal should be maintained under seal by court order. DRL's Motion to Seal attached redacted versions of the Briefs as Exhibits 1, 2, and 3 to the motion.

4. In support of the Motion to Seal, DRL submitted an Index in the form prescribed by Appendix U to the Local Civil Rules and the Certification of Frank D. Rodriguez.

5. The Confidential Information is identified in the Index with reference to the supporting certifications to justify its confidential nature.

6. If not sealed, highly sensitive and confidential business information and confidential business communications may be compromised, exposing DRL to

substantial financial risks. Moreover, competitors and others will have access to information that DRL has identified as important confidential, proprietary, business information that ordinarily would not be available to the public, let alone to the competitors in the highly competitive pharmaceutical industry.

7. The Parties require the Confidential Information to effectively advocate their respective positions. Only the Confidential Information will be restricted from public access.

8. On May 25, 2021, this Court issued an order sealing the same material from Plaintiff's Complaint as Plaintiff now requests be sealed in the Briefs. Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation PLC take no position as to the confidentiality of the material sought to be sealed but, for the purposes of this motion only, do not object to its sealing. There is no party or nonparty known to object to the sealing request.

## CONCLUSIONS OF LAW

Following review of the papers submitted in support of the Motion, and for good cause show, the Court hereby concludes:

9. A party seeking to seal information must demonstrate "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

10. Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* at *2 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

11. Local Civil Rule 5.3(c) governs Motions to Seal, which requires a motion that includes an index and supporting certification(s) describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sough is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. *See* L. Civ. R. 5.3(c)(3).

12. The documents submitted in support of the Motion to Seal meet the requirements of Local Civil Rule 5.3(c).

13. The supporting certification demonstrates that the Confidential Information reveals confidential commercial information and confidential business communications and arrangements and contains sensitive commercial information not available to the public.

14. DRL has supported its burden to demonstrate a legitimate interest in maintaining the confidentiality of the Confidential Information because it is

commercially sensitive and if publicly disclosed could have a significant adverse commercial impact on DRL.

15. The omission of the Confidential Information from the Briefs would have significantly limited the Parties' ability to set forth their respective arguments.

16. There is no less restrictive alternative to the relief sought.

17. There is no prior order sealing the same materials in this action nor any party or nonparty known to object to the sealing request.

**THEREFORE**, it is on this 20th day of May 2022

**ORDERED** that the Motion to Seal is hereby GRANTED; and it is further

**ORDERED** that Defendants' unredacted copy of their Brief in Support of Their Motion to Dismiss, filed as ECF No. 50, Plaintiff's unredacted copy of its Brief in Opposition to Defendants' Motion to Dismiss, filed as ECF No. 52, and Defendants' unredacted copy of their Reply Brief in Support of Their Motion to Dismiss, filed as ECF No. 53, will remain under seal and that the Parties' copies of the Briefs with redactions, which were filed as exhibits to the Motion to Seal, will remain available on the public docket.

The Clerk of Court is hereby directed to terminate Docket Entry No. 56.

Hon. Rukhsanah L. Singh U.S.M.J.