

William C. Baton

Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

April 14, 2023

**VIA ECF**

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

      Re:    *Dr. Reddy's Laboratories Inc. v. Amarin Pharma, Inc., et al.*
             Civil Action No. 21-10309 (ZNQ)(TJB)

Dear Judge Bongiovanni:

      This firm, together with Covington & Burling LLP, represents Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin") in the above-captioned matter.

      In advance of the status conference before the Court on April 18, 2023, Amarin wishes to provide the Court with an update on developments that have occurred since the parties submitted the Joint Discovery Plan in this action on January 31, 2023 (ECF No. 100).  We also respond briefly to several points raised in Plaintiffs' March 28, 2023 (ECF No. 104) letter to the Court.

      As described in the Joint Discovery Plan, following the Court's ruling on Amarin's motion to dismiss, discovery has commenced in the DRL case.  Amarin provided written responses and objections to DRL's Rule 34 document requests on February 13, 2023.  On February 23, 2023, the Court issued its ruling on Amarin's motion to dismiss the Indirect Purchaser Plaintiffs' ("IPP") case (Case No. 21-12061, ECF No. 90), and on February 28, 2023, the Court issued its ruling on Amarin's motion to dismiss the Direct Purchaser Plaintiffs' ("DPP") case (Case No. 21-12747, ECF No. 42).  Amarin answered the IPP Complaint and the DPP Complaint on March 31, 2023.  Hikma, another generic competitor, filed suit against Amarin on February 21, 2023 (Case No. 23-01016, ECF No. 1).  Amarin answered that complaint on April 10, 2023.

      Amarin has served initial disclosures in the DRL, Hikma, IPP, and DPP cases, and document requests in the DRL and Hikma cases.  Amarin will serve document requests in the IPP and DPP cases shortly.  The parties have negotiated a discovery confidentiality order that has been entered by the Court for all four cases.

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 14, 2023
Page 2

Taking into account all four plaintiff groups (DRL, Hikma, and the IPP and DPP putative classes), Amarin remains of the view that a fact discovery period of at least a year is necessary and appropriate. *See* ECF No. 100. As Amarin described in the Joint Discovery Plan, such a fact discovery period is conventional in complex antitrust cases like this one. *See id*. at 9-10 & n.4 (citing example cases). This is especially true here, given the need for discovery across four sets of plaintiffs and the need to address potential class certification issues for two putative class actions. Further, the need for a discovery period of at least one year has become even more clear now that Hikma has also filed suit. Plaintiffs' only rejoinder is that an "aggressive schedule" is necessary based on their unsupported assertion regarding "Amarin's precarious financial situation." ECF No. 104 at 4. There is no basis for Plaintiffs' characterization—Amarin recently announced that in 2022 it "delivered four consecutive quarters of U.S. revenue stabilization," "positive free cash flow in the fourth quarter of $4 million," and remains "confident in our ability to realize $1 billion or more in peak revenue across Europe alone." In any event, Plaintiffs' unsupported assertion is no basis for truncating the discovery period that is needed in these four complex cases.

Moreover, the Order establishing a Scheduling Conference in this case only directed the parties to propose a schedule for fact and expert discovery. *See* ECF No. 97, Nos. 5 & 6. Yet Plaintiffs have included many additional dates in their proposed schedule, running through summary judgment and Daubert briefing, and including a host of intermediate deadlines. As Amarin has explained, Plaintiffs' proposed schedule is unworkable. ECF No. 100 at 9. For example, Plaintiffs' proposed schedule has class certification beginning in July, and continuing for only two months. Given the importance and complexity of these class certification issues, it is much more typical for class certification briefing to take at least five to six months. *See, e.g.*, *In re Insulin Pricing Litig.*, Case No. 17-00699, ECF No. 334 (three months for opposition, two months for reply); *In re Thalomid & Revlimid Antitrust Litig.*, Case No. 14-06997 (three months for opposition and two months for reply). The need for an adequate discovery period and substantial class certification briefing aligns with the Supreme Court's directive that Rule 23 requires district courts to conduct a rigorous analysis to determine whether a class should be certified—an analysis that will frequently overlap with the merits of the plaintiffs' claims. *See Comcast v. Behrend*, 569 U.S. 27, 33-34 (2013).

Thus, given the addition of Hikma to these cases, and that coordination will need to occur on discovery issues across the four cases, Amarin believes that two additional months will be necessary in the fact discovery schedule (Amarin originally proposed a fact discovery cut-off of January 15, 2024 for the DRL case, so a fact discovery cut-off of at least March 15, 2024 would be necessary). In addition, now that the motions to dismiss have been denied as to the DPPs and the IPPs, the schedule must take into account the time needed for class certification experts and briefing towards the conclusion of the fact discovery period, which would then be followed by merits expert discovery and summary judgment. Amarin proposes that the IPPs and DPPs file their class certification papers and any supporting expert reports October 16, 2023; Amarin

Honorable Tonianne J. Bongiovanni, U.S.M.J.
April 14, 2023
Page 3

would oppose class certification and serve any opposing expert reports January 15, 2024; and the IPPs and DPPs would reply February 15, 2024.  Merits expert reports would follow thereafter.

Amarin stands willing to provide a proposed full schedule to the Court at the appropriate time.  But Amarin believes that it is premature to set a full schedule now, setting such a schedule was not contemplated for the Scheduling Conference, and that Plaintiffs' proposed schedule is unworkable regardless.

Plaintiffs have raised a number of points in their March 28, 2023 letter that we wish to address briefly.  For one, Plaintiffs suggest that Amarin has unduly delayed its document production, but Amarin could not prudently produce its confidential business documents in litigation with its competitors until a discovery confidentiality order was in place.  Now that one has been submitted to the Court and entered, Amarin has produced to all plaintiffs the documents Amarin produced to the FTC.  In addition, Amarin has provided the parties with a summary of what was included in its productions to the FTC, which moots Plaintiffs' requests for communications "identifying the final scope of the productions."  *See* ECF No. 104.

Plaintiffs' letter also asserts that Amarin should be directed to enter into an ESI protocol.  This is unnecessary and premature.  Amarin has produced its substantial FTC production (a far larger production than the 2,000 documents in DRL's FTC production), and Amarin believes it would be most efficient and appropriate for Plaintiffs to review that production as a next step, after which the parties can assess whether an ESI protocol is necessary.  For example, as Amarin has indicated to DRL, Amarin believes that its FTC production fully satisfies the discovery reasonably sought by DRL's Rule 34 document requests.

Finally, there is no basis for Plaintiffs' insinuations and concerns over "spoliation" because of the recent changes in Amarin's Board of Directors.  Amarin and its counsel are aware of their preservation obligations and intend to abide by those obligations.  Moreover, DRL's letter refers to the former employees identified in Amarin's initial disclosures, but those employees left the company long before the recent changes in Amarin's Board.  The relevant documents of those employees, however, were produced to the FTC and have been produced to Plaintiffs.

We look forward to discussing these and any other issues Your Honor wishes to address on April 18.  Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

William C. Baton

William C. Baton

cc:    All Counsel (via e-mail)