

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

July 7, 2023

<u>VIA ECF</u>

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

    Re:   *Dr. Reddy's Laboratories Inc. v. Amarin Pharma, Inc., et al.*
            Civil Action No. 21-10309 (RK)(TJB)

            *In re: Vascepa Antitrust Litigation Indirect Purchaser Plaintiffs*
            Civil Action No. 21-12061 (RK)(TJB)

            *In re: Vascepa Antitrust Litigation Direct Purchaser Plaintiffs*
            Civil Action No. 21-12747 (RK)(TJB)

            *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma Inc., et al.*
            Civil Action No. 23-1016 (RK)(TJB)

Dear Judge Bongiovanni:

        This firm, together with Covington & Burling LLP, represents Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin") in the above-captioned matters. We write to provide Amarin's proposal regarding a reasonable date for the close of fact discovery as requested by Your Honor during the June 21, 2023 court conference.

        Based on the current status of document productions, document request negotiations, anticipated volume of supplemental discovery sought by both sides, and expected number of depositions, Amarin believes that a fact discovery cut-off date of no earlier than March 15, 2024 is appropriate. At this stage, there remains much to be done in discovery, particularly from Plaintiffs. DRL has produced only approximately 2,000 documents, and Hikma has produced only approximately 6,200 documents. (This is in contrast to Amarin's production of 150,000 documents to date.) The Purchaser Plaintiffs have not made any document productions, custodial or otherwise. While the parties continue to meet and confer regarding the appropriate custodians for document collections and the scope of document requests, including as recently as July 5 (with

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
July 7, 2023
Page 2

another meet and confer scheduled for July 11), the bulk of the new custodial document reviews and productions from Plaintiffs has not begun in earnest.

As the Court is aware, Amarin's position early in this litigation was that the extensive production it made to the FTC (of approximately 150,000 documents) was sufficient for Plaintiffs' needs in this litigation. But the Plaintiffs did not agree, and have insisted on extensive additional searches from Amarin's files and from additional document custodians. Amarin's efforts are actively underway with that supplemental production, but it will take time to complete and is another factor that supports Amarin's proposed fact discovery cut-off date of no earlier than March 15, 2024.

Plaintiffs proposed January 16, 2024 for the close of fact discovery in their June 20, 2023 letter to Your Honor. *See* Dkt. No. 103 in Civil Action No. 21-12061. But Plaintiffs' proposal is not realistic. To illustrate, Plaintiffs' proposal would require Amarin's supplemental production of documents—which Plaintiffs have insisted on and for which negotiations completed on June 20—to be substantially complete by July 13, a mere three-week period. But given the volume of documents and additional custodians involved in this supplemental production, Amarin does not believe its supplemental production can be completed in less than three months. If two months are added to Plaintiffs' proposal—the difference between the three weeks Plaintiffs assume and the time realistically needed for Amarin's supplemental production of documents—it leads to a discovery cut-off of March 16, 2024, which is entirely in line with Amarin's proposal. Furthermore, Plaintiffs served third-party subpoenas on five API suppliers on June 29, 2023. Any negotiations, document reviews, productions, and potential depositions related to those subpoenas further underscore the need for a longer discovery period than what Plaintiffs have proposed.

To be clear, Amarin's proposal is only two months longer than Plaintiffs' January 16, 2024 proposal for the end of fact discovery. Amarin does not seek to unnecessarily prolong the length of discovery, but Plaintiffs' proposal is simply not reasonable in light of the status of discovery outlined above, nor does it account for the possibility that unforeseen circumstances may impact the pace of document collection, document production, and depositions.

Accordingly, Amarin respectfully requests that Your Honor set a fact discovery deadline of no earlier than March 15, 2024. Furthermore, depending on how discovery progresses over the coming months, it may be necessary to revisit and extend this deadline. Amarin will work diligently to complete its discovery obligations by March 15, 2024 but, of course, Plaintiffs also have much to do to complete the discovery sought by Amarin. Plaintiffs' recent service of third-party subpoenas on multiple parties injects some further uncertainty into whether discovery can be completed by March 15, 2024, but Amarin believes it is a reasonable target at this time for the close of fact discovery. Given our understanding that Your Honor has requested only a deadline for fact discovery, and in light of the status of discovery and the other issues discussed in this letter, Amarin is not proposing any interim deadlines, nor are such interim deadlines necessary.

Honorable Tonianne J. Bongiovanni, U.S.M.J.
July 7, 2023
Page 3

Thank you for Your Honor's kind attention to this matter.

                                                Respectfully yours,

                                                *William C. Baton*

                                                William C. Baton

cc:      All Counsel (via email)