# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | GREGORY G. MAROTTA |
| JOHN M. AGNELLO | MELISSA E. FLAX | **PHONE (973) 994-1700** | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | **FAX (973) 994-1744** | JOHN G. ESMERADO | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | STEVEN G. TYSON | JORDAN M. STEELE** |
| | BRIAN H. FENLON | | MATTHEW J. CERES | MICHAEL K. BELOSTOCK |
| | CAROLINE F. BARTLETT | | ZACHARY A. JACOBS*** | BRIAN F. O'TOOLE** |
| | ZACHARY S. BOWER+ | | JASON H. ALPERSTEIN+ + | SEAN M. KILEY |
| | DONALD A. ECKLUND | | | ROBERT J. VASQUEZ |
| | CHRISTOPHER H. WESTRICK* | | OF COUNSEL | BRITTNEY M. MASTRANGELO** |
| | STEPHEN R. DANEK | | | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF | |
| | MEGAN A. NATALE | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | | | **MEMBER NY BAR | |
| | | | ***MEMBER IL BAR | |
| | | | +MEMBER FL BAR | |
| | | | + + MEMBER NY & FL BAR | |

July 11, 2023

<u>VIA ECF</u>

Hon. Tonianne J. Bongiovanni
United States Magistrate Judge
Clarkson S. Fisher Federal Building
402 East State Street
Trenton, NJ 08608

> Re: *Plaintiffs' comments on schedule in*
> - *In re: Vascepa Antitrust Litigation, Nos. 21-12061 (indirect purchasers), 21-12747 (direct purchasers);*
> - *Dr. Reddy's Laboratories Inc. v. Amarin Pharma, Inc., No. 21-10309;*
> - *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc., No. 23-1016*

Dear Judge Bongiovanni:

We write on behalf of the plaintiffs to briefly respond to the defendants' July 7, 2023 regarding a schedule in these matters.

To use the Court's saying and "get to the point," the plaintiffs share two things:

1. This case needs deadlines, both interim and final. Amarin finally produced documents half a week before the first status conference before your honor. Negotiations over RFPs began in earnest once the Court indicated it was watching and set additional deadlines. Amarin didn't serve RFPs on Dr. Reddy's until four months after the Court denied the motion to dismiss in that case. The fact is that nothing motivates like a court order. The parties will meet whatever deadlines the Court sets and use whatever time the court gives. Setting only a fact discovery cut-off without interim deadlines virtually guarantees work will be delayed, the parties will be back before this court with disputes, and the plaintiffs will be unfairly squeezed.

July 11, 2023
Page 2

2. Amarin's excuse for additional time draws a false equivalence between the discovery likely to come from the plaintiffs and that from Amarin. The focus of the case is on Amarin's conduct and like other cases challenging anticompetitive conduct, the majority of document production will be from Amarin. And while Amarin has agreed to do some additional productions, Amarin's lawyers have repeatedly declared that the vast majority of responsive materials have already been produced; there is no reason why these small supplements require three more months to produce.

In sum, we ask the Court to set a schedule through trial, with interim deadlines like those proposed in our June 20 letter. We simply seek the ability to get this case moving and a path to trial as quickly as possible.

Respectfully Submitted,

/s/ James E. Cecchi
James E. Cecchi

/s/ Lauren Barnes
Lauren Barnes

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Cc:   Counsel of record in the above-captioned cases