

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

March 11, 2024

**VIA ECF**

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

Re:   *Dr. Reddy's Laboratories Inc. v. Amarin Pharma, Inc., et al.*
      Civil Action No. 21-10309 (RK)(TJB)

      *In re: Vascepa Antitrust Litigation Indirect Purchaser Plaintiffs*
      Civil Action No. 21-12061 (RK)(TJB)

      *In re: Vascepa Antitrust Litigation Direct Purchaser Plaintiffs*
      Civil Action No. 21-12747 (RK)(TJB)

      *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma Inc., et al.*
      Civil Action No. 23-01016 (RK)(TJB)

Dear Judge Bongiovanni:

This firm, together with Covington & Burling LLP, represents Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin") in the above-captioned matters.  Per the Indirect Purchaser Plaintiffs' March 6 letter (*see, e.g.*, ECF No. 120 in C.A. No. 21-12061), Amarin's February 28, 2024 letter (*see, e.g.*, ECF No. 146 in C.A. No. 21-10309), and further to Your Honor's February 15, 2024 Text Order (*see, e.g.*, ECF No. 116 in C.A. No. 21-12061), the parties have continued to negotiate a proposed schedule that would apply to all four of the above-captioned matters.  While DRL and Hikma have agreed to Amarin's proposed schedule, a narrow dispute remains with respect to Amarin and the class plaintiffs as to the deadlines for class certification.  Amarin therefore respectfully requests the Court's assistance in resolving Amarin's dispute with the IPPs and the DPPs and is available to discuss the issues at Your Honor's earliest convenience

**Relevant Background**

In connection with Your Honor's February 15 Order, Amarin organized a meet and confer with all four Plaintiff groups for February 26 and proposed a schedule for Plaintiffs' consideration

Honorable Tonianne J. Bongiovanni, U.S.M.J.
March 11, 2024
Page 2

on February 27 (attached hereto as Exhibit A).  DRL and Hikma largely agreed with Amarin's proposed schedule.  The class plaintiffs, however, provided a counterproposal on March 4 that substantially departed from Amarin's proposed deadlines for class certification:

| Event | Amarin's Proposal | Plaintiffs' Counterproposal |
|---|---|---|
| IPPs/DPPs move for class certification and serve any supporting expert reports | July 1, 2024 | December 2, 2024, or 180 days after the Court denies Amarin's motion to strike DPPs' class allegations, whichever is later |
| Defendants oppose class certification and serve opposing expert reports | September 1, 2024 | February 3, 2025, or 243 days after the Court denies Amarin's motion to strike DPPs' class allegations, whichever is later |
| IPPs/DPPs file reply in support of class certification and service of rebuttal class certification experts | October 1, 2024 | March 3, 2025, or 271 days after the Court denies Amarin's motion to strike DPPs' class allegations, whichever is later |

Amarin raised concerns with the class certification deadlines on March 5.  The parties met and conferred regarding the class plaintiffs' proposal on March 6, but were not able to reach agreement.  The class plaintiffs' proposal set forth above is unworkable for two reasons and should be rejected.

*First*, the proposed deadlines impose undue and avoidable burden on Amarin.  In particular, Amarin, DRL, and Hikma agree that merits expert discovery should begin this November and conclude on March 14, 2025.  Adopting the deadlines the class plaintiffs propose for class certification, however, would require Amarin to (a) brief its oppositions to both the Indirect and Direct Purchaser Plaintiffs' separate class certification motions and related class expert reports, while also (b) preparing its oppositions to all four Plaintiffs' merits expert reports.  This is unduly and unnecessarily burdensome; there is no reason that class certification briefing cannot begin earlier as Amarin has proposed.  The class plaintiffs have suggested that fact discovery must be completed before class certification briefing can commence, but such a position is not the standard in class action cases, nor is it appropriate here.  This is especially so given that discovery has already been open in these cases for over a year and will have been open for approximately 18 months by the date that Amarin proposes that the class plaintiffs file for class certification.  Indeed, this sequence is precisely what the class plaintiffs proposed in the joint discovery plan.  *See* ECF No. 100 at 11 in C.A. No. 21-10309 (class plaintiffs' proposal that the IPPs and DPPs file for class certification two months before the close of fact discovery).

Honorable Tonianne J. Bongiovanni, U.S.M.J.
March 11, 2024
Page 3

*Second*, the class certification deadlines are inefficient and will further delay these cases. For example, the Court must decide class certification before it can take up summary judgment because it is critical to determine who is bound by any summary judgment decision. Thus, pushing class certification deeper into the schedule will delay work on summary judgment. This will impact all four cases because it is most efficient for the parties and the Court to align summary judgment proceedings across the cases.

Following the March 6 meet and confer, the class plaintiffs thereafter provided a new proposal that maintained the class plaintiffs' counterproposal deadlines for class certification briefing, but (a) removed the references to Amarin's motion to strike in the class certification deadlines and (b) pushed expert discovery and summary judgment deadlines several months into 2025. However, Hikma and DRL have not consented to move out the dates for merits expert discovery and summary judgment. It is most efficient for the parties and the Court to have merits expert work and summary judgment proceedings aligned across the four cases. Without agreement from DRL and Hikma to move the dates for merits expert work and summary judgment later in the schedule, the class plaintiffs' new proposal is similarly unworkable.

Accordingly, Amarin's proposed schedule is reasonable and the most efficient way for these cases to proceed. If the Court agrees, we would be happy to finalize and submit a proposed scheduling order that mirrors Exhibit A[1] for Your Honor's endorsement.

Thank you for Your Honor's kind attention to these matters.

Respectfully yours,

*William C. Baton*

William C. Baton

Exhibit
cc:   All Counsel (via email)

---

[1] The parties may need to tweak a few of the dates in Exhibit A, e.g., to account for any inadvertent weekend deadlines.

# EXHIBIT A

**Amarin's Proposed Schedule (All Cases):**

| Event | Defendants' Proposal |
|---|---|
| IPPs/DPPs move for class certification and serve any supporting expert reports | July 1, 2024 |
| Defendants oppose class certification and serve opposing expert reports | September 1, 2024 |
| Deadline to amend pleadings or to add parties, claims, or defenses in accordance with the requirements of the Federal Rules of Civil Procedure, including seeking any necessary permissions from the Court | September 1, 2024 |
| IPPs/DPPs file reply in support of class certification and service of rebuttal class certification experts | October 1, 2024 |
| Fact discovery closes | November 1, 2024 |
| Plaintiffs to serve merits expert reports | November 15, 2024 |
| Defendants to serve opposing merits expert reports | January 15, 2025 |
| Plaintiffs to serve reply merits expert reports, if any | February 15, 2025 |
| Deadline to depose merits experts | March 15, 2025 |
| Summary judgment/Daubert motions | April 15, 2025 |
| Summary judgment/Daubert oppositions | June 10, 2025 |
| Summary judgment/Daubert replies | July 22, 2025 |