Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102
(973) 286-6700

*Attorneys for Defendants*
*Amarin Pharma, Inc., Amarin Pharmaceuticals*
*Ireland Limited, and Amarin Corporation plc*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. REDDY'S LABORATORIES INC., <br><br> Plaintiff, <br><br> v. <br><br> AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, and AMARIN CORPORATION PLC, <br><br> Defendants. | Civil Action No. 21-10309 (RK)(TJB) <br><br> **CERTIFICATION OF ALEXANDER L. CALLO IN SUPPORT OF MOTION TO SEAL** <br><br> (Filed Electronically) |

I, Alexander L. Callo, hereby certify as follows:

1. I am an associate at the law firm of Saul Ewing LLP, counsel of record for Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin" or "Defendants") in the above-captioned action. I am a member in good standing of the bar of this Court. I am fully familiar with the facts herein, and I make this Certification in support of Amarin's Motion to Seal. Specifically, Amarin seeks to seal certain portions of Plaintiff's First Amended Complaint and Exhibit 1 thereto (*see* ECF No. 163) (collectively, "Defendants' Confidential Materials").

2. In support of the Motion to Seal, attached to this Certification is an index identifying Defendants' Confidential Materials that Defendants seek to seal and describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party (or nonparty) known to be objecting to the sealing request.

3. This is an antitrust dispute between private parties involving confidential information. Defendants have a legitimate interest in protecting their confidential information because competitors in the marketplace could use this confidential information to gain an unfair advantage in the highly competitive pharmaceutical marketplace.

4. On May 16, 2024, this Court entered a stipulated Confidentiality Order ("CO") (ECF No. 159) that allows the parties in this case to designate certain trade secret or other confidential research, development, or commercial information as "CONFIDENTIAL." Defendants' Confidential Materials have been designated as such by Defendants.

5. Defendants' Confidential Materials contain and/or disclose information that has been designated by Defendants as "CONFIDENTIAL" in this case. Defendants' Confidential Materials include confidential proprietary business information that is not available to the public or competitors. Specifically, Defendants' Confidential Materials "[c]onstitute[], reflect[], or disclose[] [their] confidential and proprietary information, including, but not limited to, trade secrets or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26(c)(1)(G)." *See id*. at 9. This information is regarded as highly proprietary and kept confidential and is not otherwise

disseminated to the public. There is little, if any, public interest in disclosing Defendants' competitively sensitive proprietary business information.

6. As such, if this request to seal is not granted, Defendants could suffer a clearly defined, substantial and specific harm, including, but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm if Defendants' Confidential Materials are publicly disclosed in contravention of the terms of the CO. Disclosure of Defendants' Confidential Materials will cause irreparable harm to Defendants' business relationships and could cause Defendants to lose their competitive advantage in the highly competitive pharmaceutical marketplace. Accordingly, Defendants have: (i) a legitimate interest in protecting this information from disclosure, which warrants the sealing of this information; and (ii) a clearly defined injury if Defendants' Confidential Materials are not sealed.

7. This request is the least restrictive alternative because Defendants seek to seal only Defendants' Confidential Materials, which have been designated as "CONFIDENTIAL" by Defendants. Defendants request sealing only information that will reveal their confidential commercial information. *See id*.

8. Accordingly, Defendants respectfully request that the Court grant the Motion to Seal.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2024                    By:    s/ Alexander L. Callo
                                                      Alexander L. Callo