UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. REDDY'S LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMARIN PHARMA, INC., AMARIN PHARMACEUTICALS IRELAND LIMITED, AMARIN CORPORATION PLC, <br><br> Defendants. | Civil Action No. 3:21-cv-10309 (RK)(TJB) <br><br> **ORDER TO SEAL MATERIALS** |

**THIS MATTER** having been brought before the Court by Plaintiff Dr. Reddy's Laboratories, Inc. ("DRL") and Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin" or "Defendants"), pursuant to Local Rule 5.3(c), to seal portions of DRL's First Amended Complaint, and the Court having reviewed the papers submitted in support of the motion, including the Certifications of Frank D. Rodriguez (counsel for DRL) and Alexander L. Callo (counsel for Amarin), and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and good cause having been shown; the Court hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On July 1, 2024, DRL filed its First Amended Complaint as ordered by the Court on June 28, 2024. *See* ECF No. 162. The First Amended Complaint was placed under temporary seal by the Court.

2. The Parties reviewed DRL's First Amended Complaint and identified those portions deemed to contain their confidential information ("Confidential Information").

3. On July 15, 2024, the Parties filed a consolidated Motion to Seal, pursuant to Local Civil Rule 5.3(c), requesting that the Confidential Information filed under temporary seal should be maintained under seal by court order. The Parties' Motion to Seal attached a redacted version of DRL's First Amended Complaint.

4. In support of the Motion to Seal, the Parties submitted Indexes in the form prescribed by Appendix U to the Local Civil Rules and the Certifications of Frank D. Rodriguez and Alexander L. Callo.

5. The Confidential Information is identified in the Indexes with reference to the supporting certifications to justify its confidential nature.

6. If not sealed, highly sensitive and confidential business information and confidential business communications may be compromised, exposing the Parties to substantial financial risks. Moreover, competitors and others will have

access to information that the Parties have identified as important confidential, proprietary, business information that ordinarily would not be available to the public, let alone to the competitors in the highly competitive pharmaceutical industry.

7. The Parties require the Confidential Information to effectively advocate their respective positions. Only the Confidential Information will be restricted from public access.

8. On January 19, 2024, this Court issued an order sealing the same material that the Parties now request be sealed in DRL's First Amended Complaint. There is no party or nonparty known to object to the sealing request.

## **CONCLUSIONS OF LAW**

Following review of the papers submitted in support of the Motion, and for good cause shown, the Court hereby concludes:

9. A party seeking to seal information must demonstrate "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.*, C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

10. Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Id.* at *2 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

11. Local Civil Rule 5.3(c) governs Motions to Seal, which requires a motion that includes an index and supporting certification(s) describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sough is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. *See* L. Civ. R. 5.3(c)(3).

12. The documents submitted in support of the Motion to Seal meet the requirements of Local Civil Rule 5.3(c).

13. The supporting certifications demonstrate that the Confidential Information reveals confidential commercial information and confidential business communications and arrangements and contains sensitive commercial information not available to the public.

14. The Parties have supported their burden to demonstrate a legitimate interest in maintaining the confidentiality of the Confidential Information because it is commercially sensitive and if publicly disclosed could have a significant adverse commercial impact on the Parties.

15. The omission of the Confidential Information from the Briefs would have significantly limited the Parties' ability to set forth their respective arguments.

16. There is no less restrictive alternative to the relief sought.

17. On January 19, 2024, this Court issued an order sealing the same material that the Parties now request be sealed in DRL's First Amended Complaint. There is no party or nonparty known to object to the sealing request.

**THEREFORE**, it is on this \_\_\_\_ day of _____ 2024,

**ORDERED** that the Joint Motion to Seal is hereby GRANTED; and it is further

**ORDERED** that Plaintiff's unredacted copy of its First Amended Complaint, filed as ECF No. 163, will remain under seal and that the First Amended Complaint with redactions, which was filed as an exhibit to the Motion to Seal, will remain available on the public docket.

_____
HON. TONIANNE J. BONGIOVANNI, U.S.M.J.