

**Frank D. Rodriguez**
T. 973.966.3232
Email. frodriguez@windelsmarx.com

windelsmarx.com

One Giralda Farms | Madison, NJ 07940
T. 973.966.3200 | F. 973.966.3250

January 23, 2025

<u>VIA ECF</u>

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: *Dr. Reddy's Laboratories, Inc. v. Amarin Pharma, Inc. et al.*, No. 3:21-cv-10309-RK-TJB

Dear Judge Bongiovanni:

  We write as counsel for Plaintiff Dr. Reddy's Laboratories, Inc. ("DRL") in the above-captioned litigation. DRL and other plaintiffs in related cases seek court intervention to assist the parties with scheduling depositions for five Amarin witnesses (Kalb, Daoud, Amaya, Gilbert, and Grace-Velarde) in February and March 2025. Even after your Honor's guidance during the December 18th status conference to move forward with depositions starting February 10th, Amarin continues to stall the scheduling of depositions for witnesses that had little to no involvement with KD Pharma. Amarin maintains that all six plaintiffs must agree to 10 depositions across ***all*** six actions and that each deposition be constrained to a 7-hour limit. Given the complexity of the case and sheer number of plaintiffs and claims, plaintiffs cannot agree to such arbitrary rules.

  The status regarding Amarin witness depositions has not advanced for several months. As noted in DRL's November 26 correspondence to the court (ECF No. 186), plaintiffs sent deposition notices for nine Amarin witnesses nearly one year ago on February 16, 2024. The November 26 letter and its exhibits also reflect the many attempts DRL has made in requesting deposition dates from Amarin counsel, met only with little cooperation and delay tactics.

  During the December 18th status conference, your Honor acknowledged that while there are outstanding discovery issues between Apotex and Amarin, and KD Pharma needs time to catch up with discovery, the case needs to "move forward." *See* Transcript of Telephonic Status Conference, 22:6 and 25:3 (ECF No. 190, hereinafter "Tr."). All plaintiffs agree. Your Honor emphasized that the February 10th deadline to commence depositions was a "real" date. *See* Tr. 56:3-9. With this guidance, DRL sent correspondence to all parties promptly after the conference on December 23, 2024, proposing to schedule depositions for five witnesses that had little to no

Honorable Tonianne J. Bongiovanni, U.S.M.J.
January 23, 2025
Page 2

communications with KD Pharma, striking the balance of needs across the parties.[1]  *See* Exhibit 1.

However, Amarin's counsel continues to refuse proceeding with depositions until plaintiffs accede to its terms.  *See* Exhibit 3.  But Amarin's unilateral conditions are not reasonable and provide no basis to delay the scheduling of depositions.

To start, the concessions that Amarin demands—a limit of 10 depositions, each for 7 hours—are unwarranted.  These cases involve six different plaintiffs, unlawful conduct spanning across two decades, and the intricacies of a global supply chain for a drug that touched every corner of the American health system.  Amarin's 10-deponent, 7-hour limit ignores that complexity altogether.  There are, moreover, live, undecided discovery issues involving Amarin, Apotex, and Teva, concerning the compelled production of Amarin documents.  And every plaintiff has at least one distinct claim against Amarin that will require separate questioning at each deposition.  Each of these factors counsel against Amarin's proposal.

The concessions that Amarin seeks also have no bearing on whether depositions should be scheduled.  Whether there will be ten deponents, or more, does not affect whether the lesser number of *five* depositions thus far noticed should take place.  And resolving the length of a deposition need only occur before the deposition *occurs*—not before it is merely scheduled.  Yet Amarin still refuses to provide plaintiffs any schedule at all.  Nonetheless, plaintiffs propose an initial 10 hours per deposition, subject to extension as necessary for particular witnesses, to account for the complexity of the case.  Plaintiffs are committed to working with Amarin to avoid undue burden with respect to the number of depositions and the potential recalling of certain witnesses.

For these reasons, plaintiffs request a conference with Your Honor at the Court's earliest convenience to address Amarin's demands and ensure that a schedule is put in place for the five depositions noted above to commence February 10th and to be completed by the end of March.

Respectfully Submitted,

*s/ Frank D. Rodriguez*
Frank D. Rodriguez

Encl.
Cc: Counsel of Record (via email)

---

[1] KD Pharma promptly responded to this letter on December 24, 2024, stating it would notify DRL of any inability to meaningfully participate in depositions scheduled.  *See* Exhibit 2.  To date, DRL has not received any objections from KD Pharma.  Moreover, all plaintiffs have provided all documents produced in their respective litigations to KD Pharma.