

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

February 3, 2025

**VIA ECF**

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

    Re:   *Dr. Reddy's Laboratories, Inc. v. Amarin Pharma, Inc., et al.*
            Civil Action No. 21-10309 (RK)(TJB)

Dear Judge Bongiovanni:

    This firm, together with Covington & Burling LLP, represents Defendants Amarin Pharma, Inc., Amarin Pharmaceuticals Ireland Limited, and Amarin Corporation plc (collectively, "Amarin") in the above-captioned matter. We write in response to the letter filed by Plaintiff Dr. Reddy's Laboratories, Inc. ("DRL") on January 23, 2025 concerning depositions of Amarin witnesses. *See* ECF No. 191. The parties did not meet and confer regarding any of the issues raised in DRL's letter to the Court. Amarin remains willing to do so, but lays forth its position below.

    Throughout the parties' discussions regarding depositions, Amarin's position has been consistent: there should be one deposition of each Amarin witness across the related cases. Consistent with this position, on June 28, 2024, counsel for DRL sent a letter confirming that depositions notices would be on behalf of "all Plaintiffs in the related cases, including DRL, Hikma, Teva, Apotex, Direct Purchaser Plaintiffs, and Indirect Purchaser Plaintiffs, and that Plaintiffs intend to proceed together as long as the depositions are scheduled on mutually agreeable dates." Letter from C. Clemens to A. Bass (June 28, 2024). Plaintiffs, however, changed their position on January 10, 2025 stating that they could not "agree to a blanket rule of one deposition nor a presumptive limit of seven hours." *See* Email from C. Mora to A. Bass (Jan. 10, 2025), Ex. 3 to DRL Letter (ECF No. 191-3).

    Despite Plaintiffs reneging on the parties' prior agreement, Amarin still offered to schedule depositions subject to a straightforward protocol that accounted for Plaintiffs' new position so as to minimize disputes for the Court. *See* Email from A. Bass to C. Mora (Jan. 21, 2025), Ex. 3 to DRL Letter (ECF No. 191-3). The protocol, which is reproduced below, makes clear that Amarin was open to negotiating on a case-by-case basis both the time limit of each deposition and any requested additional deposition of an already-deposed witness:

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

55027996.3

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
February 3, 2025
Page 2

- Each deposition of Amarin witnesses will be attended—either in-person or remotely—by counsel for each of the six plaintiffs.

- Each deposition of Amarin witnesses will be presumptively limited to seven hours. Should plaintiffs determine that they believe they need more than 7 hours with a witness, plaintiffs must raise this issue with Amarin in advance of the deposition so that the parties can meet and confer on the request. If the parties cannot reach agreement, any such dispute must be presented to Judge Bongiovanni.

- Should any plaintiff determine that they believe it is necessary to seek a deposition of an Amarin witness beyond the first deposition, they must provide Amarin with the basis for their request that must be based on good cause (*e.g.*, new, material information coming to light). If Amarin does not agree to the additional deposition, the plaintiff(s) must move before the court and establish good cause as to why an additional deposition is warranted.

- The number of Amarin witnesses to be deposed across the six cases is limited to 10 witnesses, as set forth in the Federal Rules of Civil Procedure.

Amarin's protocol thus balances the parties' need for discovery without imposing undue burden on the Court or on Amarin witnesses, all but one of which are former employees. DRL, nor any other Plaintiff, engaged Amarin regarding the protocol or offered any alternative proposal that made a meaningful effort to avoid undue burden on Amarin's witnesses. Instead, DRL wrote to Your Honor now demanding that the Court establish a 10-hour minimum for every Amarin deponent, permit each Amarin witness to be deposed up to six times (once for each plaintiff group) and allow Plaintiffs to depose more than 10 Amarin deponents. Plaintiffs' position does not provide an orderly way for these depositions to proceed and is untethered from Federal Rules of Civil Procedure.

*First*, the request for a minimum of 10 hours per witness is not based on any showing that such additional time is needed to fairly examine the noticed deponents. Fed. R. Civ. P. 30(d)(1). To the contrary, Plaintiffs' request for a 10-hour minimum has no purpose other than to impose burden on Amarin's witnesses, particularly as to the five deponents at issue in DRL's letter. That much is clear given that DRL stated in its December 23 letter to Amarin that "none of these [five] witnesses had a role in negotiating API supply agreements." Letter from S. Silber to A. Bass (Dec. 23, 2024), Ex. 1 to DRL Letter (ECF No. 191-1). In other words, DRL seeks depositions of these witnesses on issues peripheral to the central claim in DRL's complaint (and the complaint of all the other plaintiffs) that "Amarin's exclusive or de facto exclusive agreements, including its agreement with KD Pharma, foreclosed a substantial part of the market for the supply of icosapent ethyl API." Am. Compl. ¶ 7 (ECF No. 167). There is accordingly no basis for a longer-than seven hour deposition of these individuals, and Plaintiffs have made no showing as to any of the other noticed deponents.

The Honorable Tonianne J. Bongiovanni, U.S.M.J.
February 3, 2025
Page 3

*Second*, "a party seeking more than ten depositions must overcome this presumptive limit by demonstrating that the additional depositions are reasonable and necessary." *Alaska Elec. Pension Fund, et al. v. Pharmacia Corp., et al.*, 2006 WL 6487632, at *3 (D.N.J. Aug. 22, 2006). Amarin's proposal is in line with the presumptive limit in the Federal Rules, and DRL's letter provides no basis for departing from this rule. As this Court held in *Alaska Electrical*, a multi-plaintiff case, the onus is on Plaintiffs to "satisfy the standard promulgated in Federal Rules 30(a)(2)(A) and 26(b)(2) . . . to take additional fact depositions *after* completing their allotted depositions." *Id*. at *6 (emphasis added).

Amarin is ready to proceed with depositions. Amarin respectfully requests that those depositions proceed subject to the protocol Amarin has proposed, which is a reasoned path forward consistent with the Federal Rules.

Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

*William C. Baton*

William C. Baton

cc:   All Counsel (via email)